George J. AUBIN and Cameron E. Aubin, his wife, Plaintiffs,

v.

H. HENTZ & CO., a partnership; the Coral Gables First National Bank, a Florida banking corporation, Defendants.

Civ. A. No. 68-584.

United States District Court
S. D. Florida,
Miami Division.

May 7, 1969.

Ronald A. Shapo, of Pallot, Poppell, Horwich & Goodman, Miami, Fla., for plaintiffs.

Richard R. Booth, of Aronovitz, Zinn & Silver, Miami, Fla., for Hentz.

Myers, Kaplan, Porter, Levinson & Kenin, Miami, Fla., for defendant Bank.

### Order on Motions for Summary Judgment

ATKINS, District Judge.

This cause came before this Court pursuant to motions by both plaintiffs and defendants for summary judgment. Decision has been rendered on all motions except those by plaintiffs George J. Aubin and Cameron E. Aubin and defendant H. Hentz & Co. pertaining to Counts I and II of the complaint. This order contains the decision on these counts.

Count I of the complaint alleges that in January and February, 1963, H. Hentz & Co. was acting in a fiduciary capacity for plaintiffs for the purchase and sale of stocks. During this period a bank twice loaned plaintiffs money on the written representation of defendant Hentz that it would deliver stock from plaintiffs' account, at their request, to secure such loans. The loans have not been paid by plaintiffs and defendant Hentz did not deliver the stock to the bank. Plaintiffs now seek a decree that the bank be required to obtain its satisfaction from defendant Hentz or in the alternative a judgment against Hentz for the amount Aubin must pay to the bank.

This relief is sought on the theory that defendant Hentz violated Title 15 U.S.C. § 78g(c) in its dealings with the bank. The statute prohibits a stockbroker from directly or indirectly arranging for the extension or maintenance of credit to or for any customer.

The application of § 78g(c) has been thoroughly briefed by both parties. It

is apparent from recent decisions that this application is broad. Serzysko v. Chase Manhattan Bank, 290 F.Supp. 74 (D.C. N.Y., 1968); Moscarelli v. Stamm, 288 F.Supp. 453 (D.C. N.Y., 1968). However, a broker's liability for violation of this statute is not absolute. It is subject to traditional tort concepts of causation and contributory negligence. A plaintiff's instigation of or willful participation in a violation may preclude his recovery.

 Defendant Hentz alleges that it did not violate § 78g(c). It points out that its only action concerning the loans was to write the bank letters at Aubin's request confirming his direction that certain stock be transferred as collateral. Hentz did not suggest that Aubin go to the bank or, under any definition of the word, "arrange" for the bank loans. These facts are well established.

Regardless of Defendant Hentz' innocence in view of these facts there remains a vital question which is unresolved. That is whether the stock which Hentz agreed to transfer to the bank was encumbered at the time the letters were written. Plaintiffs allege that the stock was held by Hentz in margin accounts. Clearly this would be a violation of § 78g(c). In view of this contested factual issue both Hentz and Aubins' motion for summary judgment are denied as to Count I.

■ Count II of the complaint concerns conversion. Plaintiffs allege that Hentz converted stock which they had purchased through defendant Hentz maliciously and without authority by selling it and retaining the proceeds. The essential element of conversion is an unauthorized act which deprives another of his property. 7 Florida Jurisprudence, Conversion § 2. The key words to be considered in this case are "unauthorized act." It is unquestioned that Hentz liquidated all of plaintiffs' accounts. If such liquidation was authorized, however, no action for conversion can lie.

■ Defendant Hentz has cited at least two items which allegedly conveyed the authorization to liquidate plaintiffs' accounts. These are the customer margin agreements signed by Aubin when he opened his accounts with Hentz and a letter dated March 8, 1968 in which Aubin specifically instructs Hentz to liquidate his accounts. It is unnecessary to discuss the circumstances surrounding the letter. The Court finds that the margin agreements provided Hentz with the authorization to liquidate plaintiffs' accounts. The pertinent language of the margin agreement states that Hentz may liquidate a customer's account when margins in such account are, in Hentz' judgment, insufficient for its protection. It is clear from the depositions of Mr. Dorit and Mr. Rayvis that the liquidation of plaintiffs' accounts was done pursuant to Hentz' judgment that such action was necessary to protect the firm. Accordingly, defendant Hentz' motion for summary judgment on Count II is granted and plaintiffs' motion for summary judgment on the same count is denied.